**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MICHELE GRAY,**

        **Plaintiff,**

    v.                                                                 **1:20-CV-714**
                                                                        **(TJM/ATB)**

**GC SERVICES/APPLE,**

        **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION and ORDER**

**I.    INTRODUCTION**

Plaintiff commenced this action pro se asserting that she was the victim of employment discrimination. On July 9, 2020, the Hon. Andrew T. Baxter, United States Magistrate Judge, issued an Order and Report-Recommendation after an initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915. Dkt. No. 6. In that order, Judge Baxter granted plaintiff's motion to proceed in forma pauperis ("IFP"), but recommended dismissal of the complaint without prejudice to plaintiff filing an amended complaint with respect to certain claims. *Id.* at 19-20. Instead of filing objections to the Order and Report-Recommendation, plaintiff filed an amended complaint on July 20, 2020. Dkt. No. 7. On November 13, 2020, the Court adopted Judge Baxter's Order and Report-Recommendation dismissing plaintiff's complaint without prejudice, and sent the case back to Judge Baxter to conduct an initial review of the amended complaint. Dkt. No.

1

10.

On December 9, 2020, Judge Baxter issued a Report-Recommendation in which he recommends dismissing plaintiff's amended complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Dkt. No. 12, at 19. In that portion of the Report-Recommendation addressed to whether plaintiff should be afforded another opportunity to amend, Judge Baxter acknowledged that "[g]enerally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile." *Id.* at 18 (citing *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)). In applying this rule, Judge Baxter wrote:

> This court has already afforded plaintiff the opportunity to amend, and she has been unable to plausibly associate the defendant's alleged actions to any statutorily or constitutionally prohibited conduct. Thus, the court will recommend dismissing plaintiff's complaint without the further opportunity to amend.

*Id.* at 19.

In response to the Report-Recommendation, plaintiff filed a letter in which she requests that the "Right to Sue" letter she received from the U.S. Equal Opportunity Commission ("EEOC") be added "to the case." Dkt No. 13. She also makes various arguments that, when liberally construed, seemingly address whether she has stated viable claims under the Age Discrimination in Employment Act of 1967 ("ADEA") and for common law intentional infliction of emotional distress. *Id.* She also seems to argue that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) to hear her state law claims even if all federal question claims are dismissed. *See id.* The Court will construe

2

the letter as plaintiff's objections.

## II.     STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b). Objections to a report must be specific and clearly aimed at particular findings in the magistrate judge's report and recommendation. *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y.1992); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.); *Machicote v. Ercole*, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.") (citations and interior quotation marks omitted).

When no objection is made to a portion of a report-recommendation, the Court subjects that portion of the report and recommendation to only a clear error review. *See Cooper v. DeGraff*, No. 9:18-CV-0762 (GTS/CFH), 2021 WL 235946, at *1. n. 1 (N.D.N.Y. Jan. 25, 2021)(citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition, and citing

3

*Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted)).

After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

### III.   DISCUSSION

Those portions of the Report-Recommendation to which plaintiff has not lodged specific objections have been reviewed for clear error, and the Court finds none.

Regarding an ADEA claim in the amended complaint, Judge Baxter wrote:

> Here –as with her Title VII claim – plaintiff's failure to plead any facts suggesting that GC Services adverse actions were motivated by discriminatory animus, in any way, proves fatal to her ADEA claim. Upon careful review of plaintiff's amended complaint, there is simply no suggestion that management terminated her, or subjected her to a hostile work environment, because of her age. The only mention of plaintiff's age is twenty pages into the amended complaint, when she summarily states that she is "54 years old, more than 5-30 years older than most of the employees and managers." (AC at 20). However, the fact of plaintiff's age, by itself, is insufficient to plead an ADEA claim, and plaintiff has otherwise failed to meet the minimum requirements to adequately plead an age discrimination claim. *See Bohnet v. Valley Stream Union Free Sch. Dist*., 30 F. Supp. 3d at 180 (explaining that the complaint need only allege sufficient facts to make plausible the conclusion that a plaintiff would not have endured an adverse employment action"but for" her age); *see also Littlejohnv. City of New York*, 795 F.3d at 312.

Dkt. 12 at 11-12 (footnote omitted).

Plaintiff asserts in her letter: "Manager made comments and insults related to

4

plaintiff [sic] age; the employees were under the age of 30 and plaintiff was constantly annoyed, classified and feeling isolated, left out, unfairly disciplined and continuous [sic] performance improvement plan."  Dkt. 13.  Plaintiff then appears to request an opportunity to amend.  *See id.*  ("Plaintiff respectfully request [sic] to add "The Right To Suit" to this case  . . .  [a]nd if possibility [sic] an opportunity to amend.").  Liberally construed, plaintiff's allegations appear to be addressed to Judge Baxter's finding that the amended complaint lacked factual allegations tying plaintiff's age to any of the adverse actions taken by the employer.  She seemingly seeks an opportunity to amend to add these factual allegations.  The allegations in the letter are insufficient to challenge Judge Baxter's conclusion that the amended complaint fails to contain plausible factual allegations that management terminated her, or subjected her to a hostile work environment, because of her age.  Nevertheless, in an exercise of discretion based on the special solicitude afforded pro se litigants, the Court will allow plaintiff one final opportunity to amend her ADEA claim to provide additional factual allegations supporting that claim.  Plaintiff is cautioned, however, that this does not allow her the opportunity to replead any other claim except as allowed by this Decision and Order.

     Plaintiff also states in her letter: "Plaintiff claim [sic] emotional distress, mental anguish, and constructive termination, and is under the care of [a] psychologist." Dkt. 13.  It is unclear whether plaintiff makes this allegation to state an element of the damages she seeks under the ADEA claim, or whether she asserts it as a basis for her intentional infliction of emotional distress claim that Judge Baxter recommends be dismissed.  If it is the latter, then plaintiff has failed to present a meritorious objection.  Judge Baxter's recommendation to dismiss the intentional infliction of emotional distress claim focuses

5

not on the effects of the employer's conduct on plaintiff but rather on the fact that plaintiff had not alleged any conduct by the employer that rises to the level of an actionable intentional infliction of emotional distress claim under New York law.  The allegations in the letter do not change Judge Baxter's conclusion, with which the Court agrees. Accordingly, plaintiff's objection to the extent it focuses on the recommended dismissal of the intentional infliction of emotional distress claim is overruled.

Lastly, plaintiff makes allegations seemingly directed at establishing that there is diversity jurisdiction in this matter. *See* Dkt. 13.   Plaintiff's objection in this regard misses the point.  Judge Baxter determined "solely for the purposes of this initial review . . . that the pleadings sufficiently allege diversity jurisdiction." Dkt. 12 at 12.  He then proceeded to address the state law claims on their merits, recommending that each be dismissed. Plaintiff's objection does not challenge any of Judge Baxter's conclusions and, as stated above, the Court finds no clear error in any of these conclusions.  Accordingly, plaintiff's objection in this regard is overruled.

## IV.   CONCLUSION

For the reasons discussed above, the Court **ACCEPTS and ADOPTS** the recommendations in the Report-Recommendation [Dkt. No. 12] for the reasons stated therein.  Plaintiff's amended complaint [Dkt. No. 7] is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff is given a final opportunity to replead her ADEA claim only.  All other claims in the amended complaint are dismissed with prejudice.

Plaintiff is given **sixty (60) days** from the date of this Decision and Order in which

to submit an amended complaint asserting her claim under the ADEA.  Plaintiff is advised that <u>an amended complaint **supersedes in all respects** the prior pleading.  Therefore, if plaintiff files an amended complaint, she **must properly allege in the amended complaint all factual bases for her ADEA claim, and the amended complaint must be in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure.**</u>

If plaintiff submits an amended complaint, the Clerk of the Court is respectfully directed to provide it to Judge Baxter for an initial review under 28 U.S.C. § 1915.  If <u>Plaintiff fails to submit an amended complaint within sixty (60) days from the date of this Decision and Order</u> (or ask for another extension of time to do so), the amended complaint (Dkt. No 6) will be **DISMISSED IN ITS ENTIRETY** pursuant to 28 U.S.C. § 1915 for failure to state a claim without further action by the Court.

To the extent plaintiff moves to add to her pleading the factual allegations she made to the EEOC, Dkt. No. 11, or the EEOC Right to Sue letter, Dkt. No. 13, those motions are **DENIED as moot**.  Plaintiff can add this information to the amended complaint that she is granted permission to file by this Decision and Order.

**IT IS SO ORDERED.**

Dated: February 1, 2021

*[signature]*
Thomas J. McAvoy
Senior, U.S. District Judge