**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MICHELE GRAY,**

        **Plaintiff,**

v.                                                         **1:20-CV-714**
                                                                    **(TJM/ATB)**

**GC SERVICES/APPLE,**

        **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION and ORDER

**I.  INTRODUCTION**

    Plaintiff commenced this action pro se asserting that she was the victim of employment discrimination while working for the defendant. *See* 02/01/21 Dec. & Ord., Dkt. No. 14. Familiarity with the procedural background of this case is presumed. Suffice it to say that the Hon. Andrew T. Baxter, United States Magistrate Judge, issued two Report-Recommendations in which he recommended dismissing plaintiff's complaint and amended complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *See id.* at 1-2. In addressing what appeared to be plaintiff's objections to Judge Baxter's second Report-Recommendation, the Court held on February 1, 2021:

> Plaintiff's amended complaint [Dkt. No. 7] is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is given a final opportunity to replead her ADEA claim only. All other claims in the amended complaint are dismissed with prejudice.
>
> Plaintiff is given **sixty (60) days** from the date of this Decision and Order in

1

> which to submit an amended complaint asserting her claim under the ADEA. Plaintiff is advised that <u>an amended complaint **supersedes in all respects** the prior pleading.</u> Therefore, if plaintiff files an amended complaint, she **must properly allege in the amended complaint all factual bases for her ADEA claim, and the amended complaint must be in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure.**
>
> If plaintiff submits an amended complaint, the Clerk of the Court is respectfully directed to provide it to Judge Baxter for an initial review under 28 U.S.C. § 1915.  If <u>Plaintiff fails to submit an amended complaint within sixty (60) days from the date of this Decision and Order</u> (or ask for another extension of time to do so), the amended complaint (Dkt. No 6) will be **DISMISSED IN ITS ENTIRETY** pursuant to 28 U.S.C. § 1915 for failure to state a claim without further action by the Court.

Dkt. No. 14, at 6-7 (emphasis in original).

Plaintiff neither submitted an amended complaint within sixty (60) days from the date of this Decision and Order, nor asked for another extension of time to do so. Accordingly, on May 4, 2021 Judgment was entered in favor of GC Services/Apple against Michele Gray.  Dkt. No. 16.   Because the complaint and amended complaint were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to present legally viable claims, neither of these pleadings were ever served upon the defendant.

On February 3, 2022, plaintiff filed a motion to reinstate this case. *See* Dkt. No. 18. She contends that the motion is brought "pursuant to Federal Rule 7," but the motion can also be construed as an having been brought pursuant to Rules 59(b), 60(b)(1), and 60(b)(2) of the Federal Rules of Civil Procedure.  *See id.*  Attached to this motion is a proposed Amended Complaint which purports to bring claims asserting violations of the Age Discrimination in Employment Act, the Americans with Disabilities Act as amended, the Social Security Act, the Federal Tort Claims Act, Title VII of the Civil Rights Act of 1964, the Nevada Fair Employment Practices Act, the New York Humans Rights Law, the

Arizona Civil Rights Act, Article 18, Section 6 of the Arizona Constitution, and claims asserting the infliction of "emotional distress/mental anguish," tortuous interference with a contractual or business relationship, intentional interference with contractual relations. *See* Dkt. No. 18-1. Plaintiff presents no evidence that this motion was served on the defendant.

On February 8, 2022, plaintiff filed a substantively identical motion to reinstate the case, *see* Dkt. No. 19, which attached the same proposed amended complaint but also attached to the proposed amended complaint the exhibits plaintiff filed in connection with her first motion. *See* Dkt. No. 19-1. Like the earlier motion, plaintiff presents no evidence that this motion was served on the defendant.

For the reasons that follow, plaintiff's motions are denied.

## II.   DISCUSSION[1]

As an initial matter, plaintiff's motion could be denied as improper ex parte communication with the Court. However, plaintiff asserts that she moves "this court to restore the condition of this case to the same position it had before dismissed in failure to amend complaint by deadline." Dkt. Nos. 18, at 1; 19, at 1. Because plaintiff is

---

[1]On May 23, 2022, Plaintiff filed a Notice of Appeal appealing to the United States Court of Appeals for the Second Circuit Judge Baxter's April 20, 2022 Text Order denying plaintiff's Motion to Obtain ECF Login and Password in this case. *See* Dkt. Nos. 24 (April 20, 2022 Text Order); 27 (Notice of Appeal). Assumed without deciding that this appeal is properly brought before the Second Circuit and not this court, *see* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); N.D.N.Y. Local Rule 72.1(b), the filing of this Notice of Appeal does not divest this court of jurisdiction to decide plaintiff's motions because the issues raised on those motions are not involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58-59 (1982) (*per curiam*)("The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*.")(emphasis added). Furthermore, as discussed in the text, *infra*, plaintiff's motions are primarily based on Rule 60(b) of the Federal Rules of Civil Procedure which the Court has authority to address and deny even when an appeal is pending. *See Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir.1992) (*per curiam*).

proceeding pro se and because the complaint and amended complaint were dismissed prior to requiring service on the defendant, the Court will proceed to examine whether plaintiff presents meritorious arguments to reinstate this case back to the posture that existed at the time the court issued its February 1, 2021 Decision and Order.

### a. Rule 7 of the Federal Rules of Civil Procedure

Rule 7 of the Federal Rules of Civil Procedure, titled "Pleadings Allowed; Form of Motions and Other Papers," merely defines pleadings to include "a complaint," Fed. R. Civ. P. 7(a)(1), and indicates that "[a] request for a court order must be made by motion" thereafter defining the form of such motions. *See id.* at 7(b). Nothing in Rule 7 provides plaintiff an avenue to obtain reinstatement of the instant action.

### b. Rule 59 of the Federal Rules of Civil Procedure

To the extent plaintiff invokes Rule 59 of the Federal Rules of Civil Procedure, subsection (e) of this rule provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). From May 4, 2021, the date the Judgment was entered, to February 3, 2022, the date plaintiff filed her first motion to reinstate this matter, 275 days elapsed. Thus, any motion under Rule 59 is untimely.

### c. Rule 60 of the Federal Rules of Civil Procedure

In support of her motions to reinstate this matter, plaintiff asserts:

Parties were compromising to arbitrate this case and in expectation would been [sic] resolve [sic] in arbitration was inefficacious whereas merit of the case haven't [sic] been judge [sic] pursuant to Federal Rules of Civil Procedure 60(b)(2) newly discovered evidence that the defendant did not have a tax license to pay the plaintiff salary in the [sic] New York State and this information could not have been discovered in time to move for a new

trial under Rule 59(b) and as well as undelivered and returned mail to the court under Rule 60(b)(1).

Dkt. Nos. 18, at 1; 19, at 1.

Rule 60(b) provides an opportunity for courts to balance fairness considerations present in a particular case against the policy favoring the finality of judgments.[2] *Kotlicky v. United States Fidelity Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987); *see Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)("Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." )(citations omitted). Rule 60(b) motions are generally disfavored and granted only in "extraordinary circumstances" when it is necessary to "override the finality of judgments in the interest of justice." *Andrulonis v. United States*, 26 F.3d 1224, 1235 (2d Cir. 1994); *see also Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010)("Relief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances."); *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)(same).

The proponent of a Rule 60(b) motion bears the burden of proof. *Int'l Bhd. of Teamsters*, 247 F.3d at 391. That party must "(1) support its motion with 'highly

---

[2]Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

5

convincing' evidence; (2) show good cause for its failure to act sooner; and (3) prove that granting the motion will not impose any undue hardship on the other parties." *Canini v. U.S. DOJ Fed. Bureau of Prisons*, No. 04 Civ. 9049, 2008 WL 818696 (S.D.N.Y. Mar. 26, 2008) (citing *Kotlicky*, 817 F.2d at 9); *see Williams v. New York City Dept. of Corrections*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003)("The Second Circuit has imposed a three-prong test in order for a Rule 60(b) motion to prevail: First, there must be 'highly convincing' evidence supporting the motion; second, the moving party must show good cause for failing to act sooner; and third, the moving party must show that granting the motion will not impose an undue hardship on the other party.")(internal citations and quotation marks omitted). "Pro se litigants are not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." *Skinner v. Chapman*, 680 F. Supp.2d 470, 479 (W.D.N.Y. 2010), *aff'd*, 412 Fed. Appx. 387 (2d Cir. 2010). Moreover, "a Rule 60(b) motion is not a substitute for appeal. Accordingly, Rule 60(b) motions that simply attempt to relitigate issues and thereby circumvent the appellate process are routinely dismissed." *Espinal v. U.S.*, 2006 WL 163179, at *2 (S.D.N.Y. 2006)(internal citations omitted). Rule 60(b) motions are left to the "sound discretion" of the district court. *In re Lawrence*, 293 F.3d 615, 623 (2d Cir. 2002) (citing *Parker v. Broad. Music, Inc.*, 289 F.2d 313, 314 (2d Cir. 1961)).

To the extent plaintiff's motions are directed to the Court's February 1, 2021 Decision and Order, the motions are untimely. Rule 60(b) establishes a mandatory time limit of "no more than a year after the entry of the judgment or order or the date of the proceeding" for any motions advanced under Rule 60(b)(1), (2) or (3). *See* Fed R. Civ.

Pro. 60(c)(1). "The one-year limitation period for Rule 60(b) motions is 'absolute.'" *Martha Graham School and Dance Foundation, Inc. v. Martha Graham Center for Contemporary Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006)(quoting *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000)). Plaintiff's earliest-filed motion, Dkt. No. 18, was filed on February 3, 2022, which is 367 days after the Court's February 1, 2021 Decision and Order.

To the extent plaintiff's motions are directed to the Judgement, the motions are timely but lack substantive merit. Even when attempting to construe plaintiff's motions liberally and interpret them to raise the strongest arguments they suggest, it is difficult to decipher the basis or bases of these motions. This is because the motions appear to be based primarily on the above-quoted paragraph which consists of a single run on sentence containing several potential issues.

The beginning of the sentence appears to indicate that the parties agreed to arbitrate the issues raised in this case but that plaintiff did not find the arbitration produced the desired results. She apparently wants to return to this court to have the matters adjudicated here. This does not present an extraordinary circumstance that would justify relief under Rule 60(b). It appears that plaintiff elected to proceed to arbitration on her claims against the defendant. She does not get a second bite of the apple because she does not like the results, and her dissatisfaction with her election of remedies is not an extraordinary circumstance. Furthermore, plaintiff fails to explain why she could not comply with the Court's February 1, 2021 Decision and Order and timely file a second amended complaint even if she and the defendant agreed to submit the matter to arbitration. Plaintiff also does not establish when it was that the parties agreed to resolved her claims by arbitration, and therefore she fails to show good cause for her failure to act

7

sooner by bringing these motions . Finally, assuming that her employment discrimination claims were addressed through arbitration, granting the instant motion would impose an undue hardship on the defendant which would have to litigate the matter here and in the arbitration forum.

It is unclear how plaintiff's purported discovery that the defendant did not have a "tax license" to pay plaintiff's salary in New York impeded her ability to comply with the Court's February 1, 2021 Decision and Order and timely file a second amended complaint. Further, even presuming that this fact somehow dissuaded plaintiff from complying with that Decision and Order, plaintiff fails to present highly convincing evidence that this fact existed, or when it was that she learned of it meaning that she again fails to show good cause for her failure to act sooner.

Plaintiff also fails to present highly convincing evidence that there was "undelivered and returned mail to the court." Presuming that plaintiff is contending that she attempted to file a second amended complaint within the prescribed time period but that this document was returned to her, plaintiff fails to present evidence of this undelivered mailing – such as a postal mark on the undelivered mailing that was returned to her or an affidavit attesting to same. Plaintiff fails to meet her burden of demonstrating by highly convincing evidence a basis for Rule 60 (b) relief due to an allegedly unsuccessful attempt to file a timely second amended complaint. Furthermore, presuming that plaintiff attempted to make a timely filing but that it was returned to her undelivered, she surely would have been aware of this undelivered mailing well before one year elapsed from the Court's Decision and Order that required her to make this filing within 60 days. Thus, she again fails to show good cause for her failure to act sooner.

8

Moreover, plaintiff's proposed amended complaint goes far beyond the Court's Decision and Order that granted her leave to file a second amended complaint to include only her ADEA claim and dismissed her other claims with prejudice. Thus, to the extent that plaintiff is attempting to use Rule 60(b) as a vehicle to bring additional claims, the motion is essentially an attempt to circumvent the appellate process and relitigate issues addressed in the Court's February 1, 2021 Decision and Order.  As indicated above, this is not allowed.

### IV.   CONCLUSION

For the reasons discussed above, plaintiff's motions to reinstate this action, Dkt. Nos. 18 and 19, are **DENIED**.

**IT IS SO ORDERED.**

Dated: August 24, 2022

Thomas J. McAvoy
Senior, U.S. District Judge